IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eric A. Samuel, #277905 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Levern Cohen, Warden of ) <br> Ridgeland Correctional Institution, ) <br> ) <br> Respondent.[1] ) <br> ) | Civil Action No.8:08-3625-HFF-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. #16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 27, 2008.[2] On April 3, 2009, the respondent moved for summary judgment. By order filed April 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 17, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

---

[1] The petitioner was transferred from Ridgeland Correctional Institution to the Trenton Correctional Institution after he filed this action. (Dkt. # 15.) As a prisoner's custodian is the only proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), the Warden of the Trenton Correctional Institution should be substituted for the Warden of the Ridgeland Correctional Institution.

[2] There is not a prison mailroom stamp on the envelope containing the petition. *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach.) Therefore, the petitioner is not entitled to the application of the holding in *Houston v. Lack* and the filing date is the date the petition was received by the Court. (*See infra* at 10-11.)

## I. **PROCEDURAL HISTORY/FACTS**

The petitioner is currently incarcerated at the Trenton Correctional Institution. In January 2005, the Marlboro County Grand Jury indicted the petitioner for failure to stop for a blue light; possession with intent to distribute ("PWID") crack cocaine; two counts of distribution of crack cocaine within a half mile of a school; and distribution of crack third offense. (App. 74-75.) The petitioner was represented at the trial level by Public Defender Daniel L. Blake. On January 10, 2005, the petitioner's jury trial began with the Honorable Edward B. Cottingham presiding. Following jury selection, the petitioner accepted a negotiated plea of twelve years on all charges. (App. 30-31.) Judge Cottingham sentenced the petitioner to concurrent sentences of three years for the failure to stop charge; twelve years for the PWID; twelve years for each distribution of crack within close proximity of a school charge; and twelve years for the distribution of crack charge. The petitioner did not file a direct appeal.

On August 18, 2005, the petitioner filed an application for post-conviction relief ("PCR") raising the following ground for relief, quoted verbatim: "In violation of the sixth and the Fourth and the Fourteenth Amendments of South Carolina and the United States Constitution." (App. 78.) On January 13, 2006, an evidentiary hearing was held before the Honorable John M. Milling. (App. 89.) The petitioner testified at the hearing and was represented by appointed counsel Frank E. Cain, Jr. On February 2, 2006, Judge Milling issued an Order of Dismissal in which he rejected the petitioner's allegations. (App. 127.) The petitioner filed a timely notice of appeal.

Katherine H. Hudgins of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On February 5, 2007, Hudgins filed a "no merit" *Johnson* petition for writ of certiorari raising the following issue: "Was the guilty plea rendered involuntary by trial counsel's failure to allow petitioner to see the State's

2

evidence?" On March 1, 2007, the petitioner filed a pro se brief raising the following issues, quoted verbatim:

> 1. Did the PCR Judge clearly examin all Petitioner's alligations for ruling.
>
> 2. Did the PCR Judge fail to grant relief were relief is grantable.

(Return Attach. # 5.) The case was transferred to the South Carolina Court of Appeals on December 19, 2007. On May 2, 2008, that South Carolina Court of Appeals denied the petition and the remittitur was sent down on May 20, 2008. (Return Attach. # 6 and 7.)

On October 24, 2008, the petitioner filed this habeas action raising the following ground for relief, quoted verbatim:

> **Ground One:** Denied the actual effective assistance of counsel
>
> **Supporting Facts:** Petitioner's criminal defense attorney was never assigned to represent him as it pertains to this charges, did not investigate as matters(s) of fact(s) and/or law; failed to object to indictment(s) which were true billed on 1-10-05, the same day that he picked jury; petitioner was not given adequate notice of what he was charge with and further denied the right to a criminal direct appeal.

(Habeas Pet. at 6.)

## II. **APPLICABLE LAW**

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is

3

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

4

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## C. EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### I. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

5

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines

govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

7

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

    iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

    iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such

8

claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. **DISCUSSION**

As noted above, the petitioner pled guilty on January 10, 2005. Since the petitioner did not file a direct appeal, his conviction became final ten days after he pled guilty. Rule 203(b)(2), SCACR. Further, because the petitioner did not file a direct appeal, the ninety-day period for seeking certiorari from the United States Supreme Court is not included. *See, e.g. Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court);28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction). Accordingly, the limitations period began to run on January 21, 2005,

and expired on January 20, 2006, unless the period was at any time tolled for a properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell,* 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The petitioner filed his application for PCR on August 18, 2005, after 210 days had lapsed, leaving him 155 days to file for federal habeas relief upon the conclusion of his PCR proceeding. The petitioner's PCR concluded on May 20, 2008, when the South Carolina Court of Appeals issued the remittitur from the denial of certiorari from the PCR Order of Dismissal. *See, e.g. Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).[3] The petitioner had until October 22, 2008, to file a federal habeas petition.

The petitioner's envelope does not reflect a prison mailroom stamp. (Pet. Attach.) Further, the postmark on the envelope reflects it was mailed on October 24, 2008, from the Bennettsville zip code of 29512, but the petitioner's address at the prison is in Ridgeland with the zip code of 29936. *Id.* The petition was received by the Clerk of this Court on October 27, 2008. *Id.*[4] Because there is nothing to show this envelope was sent through a prison mailroom, the petitioner is not entitled to the benefit of the rule in *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). *See Grate v. Rushton,* 2007 WL 3145016 (D.S.C. 2007). In fact, the petitioner states in his response to the respondents' summary judgment motion that his sister mailed this petition for him from Bennettsville because he

---

[3]On May 2, 2008, that South Carolina Court of Appeals denied the petition and the remittitur was sent down on May 20, 2008. (Return Attach. # 6 and 7.)

[4]Although it apparently was not filed until October 30, 2008. (Dkt. # 1.)

did not have the filing fee. (Pet'r's Mem. Opp. Summ. J. Mot. at 3.)  Thus, the undersigned has used the date the petition was received by the Court as the filing date or October 27, 2008.[5]

The petitioner's habeas action was filed five days too late.  A total of 160 days of non-tolled time had lapsed between the South Carolina Court of Appeals' disposition of the petitioner's PCR and the filing of this federal habeas petition.  Aggregating this period of time and the period which ran prior to the petitioner's filing for PCR or 210 days equals 370 days, which is in excess of the one-year statute of limitations.[6]  *See Rouse v. Lee,* 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late).  Therefore, this habeas petition is untimely and should be dismissed.

## IV. **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 16) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

August 20, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

---

[5] *See* infra n. 2.

[6] Even giving the petitioner the benefit of the postmark date of October 24, 2008, the petition is still untimely.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).