

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

ERIC A. SAMUEL,                          §
           Petitioner,                 §
                                        §
vs.                                       §     CIVIL ACTION NO. 8:08-3625-HFF-BHH
                                        §
LEVERN COHEN, Warden,                     §
           Respondent.                  §

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 20, 2009, and the Clerk of Court entered Petitioner's objections to the Report on September 8, 2009.

In the Report, the Magistrate Judge concluded that Petitioner's petition fell just outside of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations for § 2254 petitions. *See* 28 U.S.C. § 2244(d) (setting forth one-year statute of limitations for habeas petitions brought by someone in state court). Thus, the Magistrate Judge recommended granting Respondent's motion for summary judgment.

In his objections, Petitioner focuses largely on the merits of his claim of ineffective assistance of counsel. However, the Magistrate Judge never reached the merits because she concluded that Petitioner's petition was untimely. Regarding the statute of limitations, Petitioner refers to the Magistrate Judge's determination that his petition is "five days over the deadline," but he fails to challenge the Magistrate Judge's calculation or address any of the specific dates used by the Magistrate Judge. Instead, he draws a timing analogy to the indictment in his underlying state case, which he contends was filed after he was convicted. However, as this objection fails to respond to the statute of limitations argument, it is without merit.

Petitioner also states, "[i]f the court would have not charge [sic] me a filing fee, I would have sent my motion through the prison mail room." (Objections 1.) This contention is in response to the Magistrate Judge's conclusion that Petitioner is not entitled to the prison mailbox rule because his petition was not mailed from the prison mailroom but was mailed by one of Petitioner's family members. (Report 10.) Other courts throughout the district have consistently held that a prisoner must use the prison mailroom to take advantage of the mailbox rule announced in *Houston v. Lack*, 487 U.S. 266, 276 (1988). *E.g.*, *Danley v. Warden Wateree Correctional Inst.*, No. 08-2006-SB, 2009 WL 2485957 at *4 n.4 (D.S.C. Aug. 12, 2009); *McClure v. Rushton*, No. 8:07-461-MBS, 2008 WL 701386 at *3 n.1 (D.S.C. Mar. 12, 2008); *Grate v. Rushton*, No. 07-712-HMH-TER, 2007 WL

3145016 at *6 (D.S.C. Oct. 23, 2007); *see also* Fed. R. App. P. 4(c)(1) ("If an inmate has a system designed for legal mail, the inmate must use that system to receive the benefit of [the prison mailbox] rule."). Moreover, as noted in the Report, the petition is still untimely even if the Court treats it as filed on the date it was postmarked. (Report 11 n.6.)

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED**.

Signed this 14th day of September, 2009, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE


*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.